UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIRRION BLAKE-BEY, a Natural Person, In Propria Persona, Sui Juris (not to be confused with nor Substituted with Pro Se) and not a Statutory Person,<br><br>    Plaintiff,<br><br>    vs.<br><br>VILLAGE OF SOUTH HOLLAND, POLICEMAN ZELLER, POLICEMAN BARDEN, POLICEMAN SPECIVICK, POLICEWOMAN MITCHELL, CARS TOWING DIVISION, and JOHN D. TURNER, JR..,<br><br>    Defendants. | Case No. 11 C 5987 |

OPINION AND ORDER

Airrion Blake-Bey has filed a civil rights complaint under 48 U.S.C. § 1983 and other grounds[1] for an injunction and declaratory relief based on the following facts:

On August 26, 2011, Blake-Bey was driving an automobile on a public street and was pulled over by a South Holland policeman, Officer Zeller, because he did not display a license plate on his vehicle. Blake-Bey told Officer Zeller that he could lawfully drive his private automobile on the highway without a license and the officer was detaining him without probable cause. Other officers arrived at the scene, including Officer Barden who pointed a weapon at Blake-Bey and ordered him out of his vehicle, warning that if he did not comply, the officers would "taser" him. Without advising Blake-Bey of his "Miranda" rights, the officers then

---

[1] The court's jurisdiction is proper under 42 U.S.C. § 1343 and 28 U.S.C. § 1367.

forcibly removed him from the automobile, handcuffed him, searched his pockets and took an expired driver's license from his wallet. They placed Blake-Bey in a police vehicle while they searched his automobile throughout. Officers Zeller and Barden drove him to the South Holland police department, where an individual Blake-Bey believes to be a Sergeant Specivick informed him that his bail would be $2000, requiring a $200 deposit. Officers directed Blake-Bey to remove his turban (calling it a "doo-rag"), a neck chain and medallion, and his shoes, but Blake-Bey refused, so the officers forcibly removed them. His photograph and fingerprints were taken against his will and he was placed in a holding cell until his "consort" posted bail for him. One or more of the officers made remarks disrespectful of Blake-Bey's race or religion. Police officers returned his possessions but withheld a paper on which he had noted the names of the officers involved in the incident. His automobile was towed and payment of more than $500 was demanded for its return. He is unwilling to pay and is thus deprived of his ability to travel and conduct his regular affairs of life. Blake-Bey was charged with resisting a police officer in violation of 720 ILL. COMP. STAT. 5/31-1. He was also cited for failing to have valid registration (625 ILL. COMP. STAT. 5/3-401), driving without a valid driver's license (*id.* at 5/6-101), and driving an uninsured motor vehicle (*id.* at 5/3-707), all of which he concedes he violated.

      Blake-Bey contends that the officers committed tortious conduct in violation of federal criminal laws (Count I); that he was arrested without probable cause (Count II); that his automobile was searched and impounded without reasonable cause (Count III); that one or more unidentified officers and Judge Turner failed to intervene to stop the violation of his constitutional rights (Count IV); conspiracy to violate his civil rights (Count V); malicious prosecution (Count VI); intentional infliction of emotional distress (Count VII); assault and

battery (Count VIII); indemnification against the Village of South Holland (Count IX) and violation of oath of office (Count X).

All parties have moved to dismiss. For reasons stated below, the motions are granted as to all claims except those alleging unlawful search and seizure of Blake-Bey's vehicle and the duty of South Holland to indemnify any officer ultimately held liable in the case.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

Taken in order, Count I must be dismissed because federal criminal laws do not create private rights of action. Rather, the United States Attorney has the duty to prosecute all offenses against the United States. 28 U.S.C. § 547(a)(1).

Next, to the extent plaintiff rests any of his claims on a notion that under the Constitution of the United States he may drive his automobile where and as he pleases and is not subject to regulation by the state, his claim is frivolous. As Judge Robert Dow of this court explained in a similar case, *Moorish Nat'l Republic: £Federal Gov't Moorish Divine and Nat'l Movement of the World* v. *City of Chicago*, No. 10-CV-1047, 2011 WL 2893024, at *7 (N.D. Ill. July 19, 2011),

> Probable cause for any one of these offenses is sufficient probable cause for Plaintiff's arrest. *See*, *e.g., United States v. Jackson,* 377 F.3d 715 (7th Cir. 2004) (deciding that probable cause existed where police stopped a car, requested the driver's license, and decided to detain the driver 'after he did not hand over a driver's license, and information from the police database raised doubts about his identity'). This is true even though the offenses may be punishable only by fine. *See Atwater* [v. *City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001)] (holding that arrests for misdemeanor violations that would be punishable only by a fine do not offend any constitutional principles); *Williams v. Jaglowski,* 269 F.3d 778, 784 (7th Cir. 2001); *Antia v. Thurman,* 914 F.Supp. 256, 258 (N.D. Ill. 1996) (finding that officer had probable cause to arrest plaintiff when it was undisputed that the vehicle registration was expired).

To the extent that Blake-Bey rests his claims on his citizenship of a different sovereignty, such that he is not subject to the laws of the United States and the within states and territories, his claims are frivolous. The court will paraphrase Judge Dow, who carefully set out the folly of such a theory:

> Whatever the religious belief system of [Blake-Bey], to which [he is] fully entitled, those beliefs, in and of themselves, do not save [him] from compliance with Illinois state law[.] Courts systematically have held that those who have claimed safe harbor

4

> and sought to be shielded by their Moorish heritage from the law have not been recognized, and their claims have been dismissed as frivolous. Although Plaintiff['s] complaint is replete with assertions that there are international laws and the idea that [he is a] member[] of the Moorish National Republic and [he is an] indigenous person[] entitled to certain rights under international laws and treaties, the Seventh Circuit has stated that '[a]ny claims or arguments based on that organization or which rely on documents or arguments based on the doctrines of those organizations are clearly frivolous.' *Sanders–Bey v. U.S.*, 267 Fed. Appx. 464, 466 (7th Cir. 2008); *U.S. v. Toader,* 409 Fed. Appx. 9, at *13 (7th Cir. Nov. 24, 2010) ('[Defendant] argues that the federal courts lack subject matter jurisdiction over him and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen. This argument is frivolous.'); *United States v. James,* 328 F.3d 953, 954 (7th Cir. 2003) ('Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation.'); see also *El–Bey v. North Carolina Dept. Of Health & Human Service,* [No. 1:09CV693,] 2010 WL 520877 (M.D.N.C. 2010) (citing *Sanders*) (noting the irony presented when litigants from the Moorish Nation 'attempt to benefit from the protection of federal and state law while simultaneously proclaiming independence from and total lack of responsibility under those same laws'). Notably, [Blake-Bey] seek[s] the protections of the very Constitution to which [he] claim[s] [he is] not subject and the laws that flow therefrom. A fair reading of the complaint . . . reveals that [Blake-Bey] is claiming that there was no probable cause for his arrest because he is a Moorish National and not subject to the same requirements as United States citizens. . . . [T]his is the only argument that [he] appears to make, and it fails . . .

*Moorish Nat'l Republic: £Federal Gov't Moorish Divine*, 2011 WL 2893024, at *8. *See also Moorish Nat'l Republic: Fed. Gov't Moorish Divine and Nat'l Movement of the World* v. *City of Chicago*, No. 10 CV 1047, 2011 WL 2893024, at *6 (N.D. Ill. July 19, 2011) ("[P]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.") (quoting *Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). For these reasons Counts II and VI are dismissed with prejudice.

As for Count III, Blake-Bey claims that his automobile was searched and impounded in violation of his Fourth Amendment rights. Under *Arizona* v. *Gant*, 556 U.S. 332, 129 S. Ct.

5

1710, 173 L. Ed. 2d 485 (2009), "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id*. at 1723. "When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Id*. at 1723-1724. *See United States*. v. *Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010). Because, as alleged, this was a simple traffic stop without indication that any other crime had been or was being committed, the facts are sufficient to permit an inference that the search of Blake-Bey's vehicle without a warrant was unreasonable in violation of the Fourth Amendment.

Blake-Bey also challenges the impoundment of his vehicle. His allegations are too sparse for the court to infer any violation of his constitutional rights by the defendant officers or South Holland. Nonetheless, he is given leave to replead his claim if he can do so consistently with *United States* v. *Duguay*, 93 F.3d 346, 352–53 (7th Cir. 1996). *See also Harrington* v. *Heavey*, No. 04 C 5991, 2006 WL 3359388, at *5 (N.D. Ill. Nov. 16, 2006).

Cars Collision Center, L.L.C. d/b/a Cars Towing Division ("Cars Towing") moves to dismiss Count III because it was improperly named in the complaint. It cites insufficient service of process under Rule 12(b)(5). Cars Towing cites no case authority for its position and the court will not do its research for it. Typically, however, misnomer is a question of the pleader's intent as manifested in the identity of the party served. *See Schryver* v. *Eriksen*, 255 Ill. App. 3d 418, 420, 627 N.E.2d 291, 292 (1993) ("In dealing with the issue of misnomer, the focus of the court's inquiry is upon the intent of the plaintiff. Simply put, the question is whether the

6

plaintiff sued the real party in interest by the wrong name or sued the wrong party. If the former is the case, then the circumstance is one of misnomer"). That said, the complaint does not make out a claim that Cars Towing violated Blake-Bey's civil rights and is therefore dismissed without prejudice. Blake-Bey is given leave to refile as stated in the preceding paragraph.

Plaintiff has failed to state sufficient facts to permit an inference that the officers conspired to violate his civil rights or failed to intervene to stop another officer. As stated, any such claim must be based on only the potential claims arising from the alleged unlawful search and seizure of his vehicle. These claims, if repleaded, must be based on facts that constitute more than cooperation among the officers in fulfilling their police duties. The motion to dismiss Counts IV and V is granted without prejudice.

Blake-Bey's claim for intentional infliction of emotional distress (IIED) is plainly without colorable merit. "Under Illinois law, the elements of the tort of intentional infliction of emotional distress are as follows: 1) extreme and outrageous conduct by the defendants; 2) intent to cause, or a reckless disregard of the probability of causing, emotional distress; 3) severe or extreme emotional distress suffered by the plaintiff; and 4) actual and proximate causation of the emotional distress by defendants' outrageous conduct." *Lewis* v. *Cotton*, 932 F. Supp. 1116, 1118 (N.D. Ill. 1996) (citations omitted). The allegations describe officers who were performing their duties. That a few racial or religious insults were inflicted on Blake-Bey is insufficient to state a claim for IIED. *See*, *e.g.*, *Kolegas* v. *Heftel Broadcasting Corp.*, 607 N.E.2d 201, 154 Ill.2d 1, 21 (1992) (The "conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community.") (citation omitted).

The complaint fails to state a colorable claim for assault and battery because the officers were authorized to use reasonable force to effect the arrest. *See Graham* v. *Connor*, 490 U.S 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *Saucier* v. *Katz*, 533 U.S. 194, 201–02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (an officer is immune from suit for violation of constitutional right unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronts.") (citations omitted). Blake-Bey's allegations admit that he refused to obey the officers' orders to get out of his vehicle and that he resisted the officers' orders during processing at the police department. There is no indication in the complaint that the officers' use of force to gain compliance with lawful orders was unreasonable. Count VIII is dismissed with prejudice.

Count XI is also dismissed with prejudice because there is no private right of action inuring to a private citizen based on an officer's violation of his oath. The motion to dismiss plaintiff's claim for indemnification (Count IX) is denied because of the survival of Count III.

Any and all claims against Judge Turner are dismissed with prejudice based on the doctrine of judicial immunity. *See John* v. *Barron,* 897 F.2d 1387, 1391 (7th Cir. 1990) (A judge will be afforded absolute immunity from suit if his or her actions meet a two-part test: first, the acts complained of were within the judge's jurisdiction; and second, these acts must be performed in the judge's judicial capacity.) (citation omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

authority." *Id.* (citing *Stump* v. *Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).

ORDER

The motion of Defendant John D. Turner, Jr., to dismiss the amended complaint against him (Docket Entry No. 20) is granted with prejudice. The motion of defendant Cars Collision Center, LLC, d/b/a Cars Towing Division, to dismiss (Docket Entry No. 24) is granted without prejudice. The motion of defendants Mitchell, Zeller, Village of South Holland, Burden and Specivick to dismiss (Docket Entry No. 28) is granted with prejudice as to Counts I, II, VI, VII, VIII, and X. The motion is granted without prejudice as to Counts IV and V. The motion is denied as to Counts III and IX.

Plaintiff is given leave to file a second amended complaint by November 30, 2011. Any second amended complaint must be submitted either by counsel or on the court's form Complaint for Violation of Constitutional Rights.[2] Plaintiff must limit his allegations to claims that arise under the Fourth Amendment of the United States Constitution relating to the search and impoundment of his automobile as stated herein. If the second amended complaint bases any

---

[2] The document is available under Pro Se Litigants on the court's website: http://10.205.15.104/home/ProSe.aspx.

claims on plaintiff's status as an Aboriginal Indigenous Moorish-American, the Treaty of Peace and Friendship of 1836, or similar authority, the entire complaint will be dismissed in its entirety on the court's own motion.

Enter: _____

Dated: November 15, 2011   JOAN HUMPHREY LEFKOW
   United States District Judge